

**FILED** CVK

7/21/2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **1:25-cr-403** |
|  | ) | **Judge Alonso** |
| v. | ) | No. **Magistrate Judge Jantz** |
|  | ) | **RANDOM/Cat. 3** |
| TIARIE BARNES, | ) | Violation: Title 18, United |
|  | ) | States Code, Section 1347 |
| Defendant. | ) |  |
|  | ) | **INFORMATION** |

The UNITED STATES DEPARTMENT OF JUSTICE, CRIMINAL DIVISION

charges:

1.      At times material to this Information:

U.S. Department of Labor Office of Workers' Compensation

a.      The United States Department of Labor ("DOL"), Office of

Workers' Compensation Programs ("OWCP") administered benefits payable under

the Federal Employees' Compensation Act ("FECA"), Title 5, United States Code,

Section 8101 *et seq.*, which provided medical payments and compensation benefits to

federal employees who sustained on the job injuries.

b.      Health care programs administered by OWCP were "health care

benefit programs," as defined by Title 18, United States Code, Section 24(b).

c.      Under applicable DOL regulations, an injured, covered employee

was entitled to receive all medical services, appliances, or supplies which a qualified

physician prescribed or recommended, and which OWCP considered necessary to

1

treat the work-related injury, including physical therapy services and diagnostic services such as magnetic resonance imaging and x-rays.

        d.      In order to be reimbursable by OWCP, services must have been actually provided to the injured employee.

        e.      OWCP accepted billing for services based upon Current Procedural Terminology ("CPT") codes, which were used to identify procedures, services, and supplies.

Defendant and Related Entities

        f.      The defendant, TIARIE BARNES, was the owner and operator of Tru Ace Medical Billing, which provided billing services to Medical Practice 1.

        g.      Medical Practice 1 was located in Mokena, Illinois, and was owned by Individual A and provided medical and physical therapy services to patients, including federal employees and former federal employees with OWCP benefits. Individual A and Individual B provided medical services for Medical Practice 1.

        h.      Medical Practice 1 contracted with Physical Therapy Practice 1 to provide physical therapy services to patients of Medical Practice 1 who also received physical therapy services. Physical Therapy Practice 1 was owned by Individual C. The physical therapy services were provided by employees of Physical Therapy Practice 1 to patients of Medical Practice 1.

2

i. BARNES submitted claims to OWCP for medical and physical therapy services on behalf of Medical Practice 1 based on information provided, in part, by Medical Practice 1 and Physical Therapy Practice 1.

j. As compensation for her services, Medical Practice 1 paid BARNES a percentage of the collections from billing that she submitted to insurers, including OWCP.

2. From in or around February 2021, and continuing through in or around May 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

TIARIE BARNES,

defendant herein, participated in a scheme and artifice to defraud a health care benefit program, namely OWCP, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money owned by, and under the custody and control of OWCP, in connection with the delivery of and payment for health care benefits, items, and services, which scheme is further described below.

3. It was part of the scheme that BARNES submitted claims to OWCP for medical and physical therapy services purportedly provided to Medical Practice 1 patients that BARNES knew were not provided.

4. It was further part of the scheme that from in or around February 2021 through in or around May 2023, BARNES submitted false and fraudulent claims to OWCP seeking at least approximately $33,806,958 for medical and physical therapy services BARNES knew were ineligible for reimbursement because they were not provided to patients, and thus not provided as represented. These false and

3

fraudulent claims resulted in approximately $3,452,749.48 in payments to Medical Practice 1 that BARNES knew were fraudulently obtained.

5.    It was further part of the scheme that BARNES misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the acts done in furtherance of the scheme and the purposes of those acts.

6.    On or about September 18, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

TIARIE BARNES,

defendant herein, did knowingly and willfully execute and attempt to execute the above-described scheme by submitting and causing to be submitted a claim to OWCP for reimbursement of approximately $1,095 for services under CPT code 76140, a type of medical service, purportedly provided to V.C., knowing that the service was not administered as represented, for which OWCP paid Medical Practice 1 $325.80;

In violation of Title 18, United States Code, Section 1347.

4

## FORFEITURE ALLEGATION

The UNITED STATES DEPARTMENT OF JUSTICE, CRIMINAL DIVISION further alleges:

1.    Upon conviction of an offense in violation of Title 18, United States Code, Section 1347, as set forth in this Information,

TIARIE BARNES,

defendant herein, shall forfeit to the United States any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

2.    The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $172,637.47.

3.    If any of the property described above, as a result of any act or omission of the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property that cannot be subdivided without difficulty; the United States of America shall be entitled to forfeiture of substitute property, as

provided in Title 21, United States Code, Section 853(p).

Lorinda Laryea / KMW.

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION
ACTING CHIEF

6